UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Bradley Allen Wendt,

           Petitioner,

vs.                             REPORT AND RECOMMENDATION

State of Minnesota,

           Respondent.         Civ. No. 06-2619 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Petition of Bradley Allen Wendt for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must
(continued...)

## II. Factual and Procedural Background

In 1995, the Petitioner was convicted, in the Minnesota State District Court for Renville County, on charges of First Degree Assault, Second Degree Assault, and Drive-by Shooting. Following his conviction, the Petitioner filed a direct appeal with the Minnesota Court of Appeals, claiming that the Trial Court had erroneously admitted certain testimony during the course of his Trial. See, Petition, Docket No. 1, at §9. The Minnesota Court of Appeals rejected the Petitioner's arguments, and upheld his conviction on February 25, 1997. See, State v. Wendt, No. C0-96-577, 1997 WL 76323 (Minn. App., February 25, 1997), rev. denied (Minn., April 15, 1997).

On January 10, 2005, the Petitioner filed a Motion for Post-Conviction relief in the Trial Court, in which he again challenged the admissibility of certain testimony presented at his Trial. He also claimed that he had been deprived of his "right to allocution," that he had received ineffective assistance of counsel, and that he had been convicted based on evidence obtained by means of an unconstitutional search of his vehicle. The Petitioner's Post-Conviction Motion was summarily denied on January

---

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner."

25, 2005, and he subsequently filed another appeal. On April 11, 2006, the Minnesota Court of Appeals affirmed the Trial Court's dismissal of the Post-Conviction Motion. See, Wendt v. State, No. A05-580, 2006 WL 916387 (Minn. App., April 11, 2006), rev. denied (Minn., June 20, 2006).

On June 26, 2006, the Petitioner filed his present Federal Habeas Corpus Petition, which lists four claims of ineffective assistance of trial counsel, and four claims of ineffective assistance of appellate counsel.[2] As we more fully address, we find that the current Petition must be summarily dismissed, without reaching the merits of any of the Petitioner's claims for relief, because the Petition was not filed before the expiration of the one-year statute of limitations that applies to Federal Habeas Corpus Petitions.

### III.  Discussion

On April 24, 1996, former President Clinton signed the Antiterrorism and Effective Death Penalty Act, which effected significant changes in the Federal Habeas Corpus statutes.  One of those changes was incorporated into Title 28 U.S.C.

---

[2]We note that the Petitioner filed a previous Federal Habeas Corpus Petition in 1997, which was summarily dismissed without prejudice, because he had failed to exhaust his State Court remedies. See, Wendt v. State of Minnesota, Civil No. 97-1156 (JRT/JGL).

§2244(d), which established a one-year statute of limitations for Habeas Corpus Petitions, which are filed by State prisoners who seek a Federal Court's review of a State Court conviction or sentence. The new provision reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of --
>
>     (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

>counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction, or sentence, ordinarily must file his Petition within one year after his Judgment of conviction "became final by the conclusion of direct review." Title 28 U.S.C. §2244(d)(1).

The statute provides, however, that this deadline can be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a "properly filed" application for Post-Conviction Relief in the State Court. See, Title 28 U.S.C. §2244(d)(2). Our Court of Appeals has expressly held, however, that the period between the completion of the direct review of the State Court Judgment, and the application for post-judgment relief, is counted towards the one-year limitation period.

See, Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)("A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed, and the date that an application for state post-conviction relief is filed, counts against the one-year period.").

  B. <u>Legal Analysis</u>. Here, there is nothing on the face of the Petition to suggest that Clauses (B), (C), or (D) of Section 2244(d)(1), would have any applicability. In other words, there is no showing that the State created any impediment that prevented the Petitioner from seeking Federal Habeas relief within the prescribed one-year limitation period, nor is there any showing that the Petitioner's claims are based on any newly-recognized -- and retroactively applicable -- constitutional right, or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to Section 2244(d)(1)(A), when the Petitioner's Judgment of Conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

 For purposes of Section 2244(d)(1)(A), the Petitioner's Judgment of Conviction did not become final on direct review until the expiration of the deadline for filing a

Petition for a Writ of Certiorari with the United States Supreme Court.  See, Title 28 U.S.C. §2244(d)(1)(A)("The limitation period shall run from * * * the date on which the judgment became final by the conclusion of direct review **or the expiration of the time for seeking such review**.")[emphasis added]; Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)(The running of the statute of limitations for purposes of Section 2244(d)(1)(A) is triggered by the completion or denial of certiorari proceedings before the United States Supreme Court or, "if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the [90 days] allowed for filing a petition for the writ.").  Certiorari Petitions must be filed within ninety (90) days after a final adjudication by a State's highest Court.  See, Rule 13.1, Rules of the Supreme Court of the United States.  Thus, for purposes of Section 2244(d)(1)(A), the Petitioner's Judgment of Conviction became final 90 days after the Minnesota Supreme Court upheld his conviction on direct appeal.

   The Minnesota Supreme Court affirmed the Petitioner's conviction and sentence on April 15, 1997, so the Judgment in his criminal case became final, for purposes of the Federal statute of limitations, 90 days after that date -- on July 14, 1997.  The statute of limitations expired one year thereafter, on July 14, 1998.

However, the Petitioner did not file his present Petition until June 26, 2006, which was nearly nine (9) years after the statute of limitations began to run, on July 14, 1997, and nearly eight (8) years after the limitation period expired on July 14, 1998. Therefore, it is readily apparent that the present Petition is time-barred, unless it can be saved by the tolling provisions of Section 2244(d)(2).

The tolling provisions of Section 2244(d)(2) cannot aid the Petitioner, however, because the statute of limitations had already expired before he filed his Post-Conviction Motion in the Trial Court. The Post-Conviction Motion was filed on January 10, 2005, see, Wendt v. State, 2006 WL 916387, supra at * 1, which was nearly seven (7) years after the Federal Habeas Corpus statute of limitations had already expired. Since the limitation period expired long before Petitioner's Post-Conviction Motion was filed, that Motion could not have tolled the Federal statute of limitations. See Jackson v. Ault, --- F.3d ---, 2006 WL 1686671 at *1 (8th Cir., June 21, 2006)("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired."); Painter v. Iowa, supra at 1256 ("[B]y the time [the petitioner] filed his state court application [for post-conviction relief] * * * there was no federal limitations period remaining to toll."); see also, Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), cert. denied, 531 U.S. 991 (2000)(State Post-Conviction Motion filed after the

§2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled.").[3]

The Petitioner may believe that his State Post-Conviction Motion did not merely toll the running of the statute, but somehow "reset the clock," giving him a fresh new one-year limitation period that did not begin to run until all of his State Post-Conviction proceedings were complete. Such a belief, however, would be inaccurate. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48 n. 4 (1st Cir. 2005)[citations omitted].[4] Thus, the tolling provision of Section 2244(d)(2)

---

[3] We also note that the Petitioner's previous Federal Habeas Corpus Petition, see n. 2, supra, had no tolling effect on the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and "Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

[4] As the Court explained, in Sorce v. Artuz, 73 F. Supp.2d 292, 294 (E.D.N.Y. 1999):

> The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus,
>
> (continued...)

cannot help the Petitioner here, because he did not file his State Post-Conviction Motion before the one year statute of limitations expired on July 14, 1998.

In sum, since the Petitioner did not file his Federal Habeas Petition before the statutory deadline prescribed by Section 2244(d)(1), his Petition is time-barred. Accordingly, we recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

NOW, THEREFORE, It is –

---

[4](...continued)
> the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired.

See also, Lucidore v. New York State Div. of Parole, 1999 WL 566362 at * 4 (S.D. N.Y., August 3, 1999), aff'd, 209 F.3d 107 (2nd Cir. 2000), cert. denied, 532 U.S. 873 (2000)("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack."); Broom v. Garvin, 1999 WL 246753 at *1 (S.D.N.Y., April 26, 1999)("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

RECOMMENDED:

That the Petitioner's Petition for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily dismissed, with prejudice.

Dated: July 11, 2006                    *s/Raymond L. Erickson*

                                                Raymond L. Erickson
                                                CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 28, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 28, 2006**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.