UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRADLEY ALLEN WENDT, | Civil No. 06-2619 (JRT/RLE) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Bradley Allen Wendt, 121 West Wyoming Street, Apartment 2, Redwood Falls, MN 56283, petitioner *pro se*.

Thomas R. Ragatz, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for respondent.

Petitioner Bradley Allen Wendt ("petitioner") brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In a Report and Recommendation dated July 11, 2006, United States Magistrate Judge Raymond L. Erickson recommended that petitioner's federal application for habeas corpus relief be dismissed with prejudice as untimely.  This matter is now before the Court on petitioner's objection to the Magistrate Judge's Report and Recommendation.  The Court conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  As explained below, the Court overrules petitioner's objection and adopts the Report and Recommendation.

## BACKGROUND

In 1995, petitioner was convicted, in the Minnesota State District Court for Renville County, on charges of First Degree Assault, Second Degree Assault, and Drive-by Shooting. Following his conviction, petitioner filed a direct appeal with the Minnesota Court of Appeals, claiming that the trial court had erroneously admitted certain testimony during the course of his trial. The Minnesota Court of Appeals rejected petitioner's arguments, and upheld his conviction on February 25, 1997. *See State v. Wendt*, 1997 WL 76323 (Minn. Ct. App. Feb. 25, 1997). The Minnesota Supreme Court denied review on April 15, 1997.

Petitioner waited more than seven years to file his first habeas petition with the trial court. On January 10, 2005, petitioner filed a Motion for Post-Conviction relief in the trial court, in which he again challenged the admissibility of certain testimony presented at his trial. He also claimed that he had been deprived of his "right to allocution," that he had received ineffective assistance of counsel, and that he had been convicted based on evidence obtained by means of an unconstitutional search of his vehicle. Petitioner's Post-Conviction Motion was summarily denied on January 25, 2005, and he subsequently filed an appeal. On April 11, 2006, the Minnesota Court of Appeals affirmed the trial court's dismissal of the Post-Conviction Motion. *See Wendt v. State*, 2006 WL 916387 (Minn. Ct. App. April 11, 2006). The Minnesota Supreme Court denied review on June 20, 2006.

On June 26, 2006, petitioner filed his present Federal Habeas Corpus Petition, which lists four claims of ineffective assistance of trial counsel, and four claims of

ineffective assistance of appellate counsel.[1]  As addressed more fully below, the Court finds that the Petition must be summarily dismissed, without reaching the merits of any of petitioner's claims for relief, because the Petition was not filed before the expiration of the one-year statute of limitations that applies to federal habeas corpus petitions.

## ANALYSIS

**I.    TIMELINESS OF THE PETITION**

The Court must first determine whether the Petition is timely.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for filing a federal habeas corpus petition under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).  The Court agrees with the Magistrate Judge that 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) are inapplicable in this case, and therefore the statute of limitations began to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

Under section 2244(d)(1)(A), the judgment does not become final until the time for filing for writ of certiorari with the United States Supreme Court has expired.  *See Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002).  The time limit for filing certiorari petitions is 90 days after final adjudication by the state's highest court.  *See* Sup. Ct. R.

---

[1] The Court notes that petitioner filed a previous federal habeas corpus petition in May 1997, which was summarily dismissed without prejudice, because he had failed to exhaust his state court remedies.  *See Wendt v. State of Minnesota*, Civil No. 97-1156 (JRT/JGL) (D. Minn. Jan. 14, 1998).

13.1. The Court agrees with the Magistrate Judge that because the Minnesota Supreme Court denied review on April 15, 1997, petitioner's conviction became final 90 days later, on July 14, 1997.

The statute of limitations tolls, however, while state post-conviction relief proceedings are pending. 28 U.S.C. § 2244(d)(2). State post-conviction relief proceedings are "pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it. *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000). State proceedings are not pending during the time between the end of direct review and the date an application for state post-conviction relief is filed. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). Accordingly, if a petitioner fails to initiate state proceedings until after the one-year statute of limitations expires, then the state post-conviction proceedings will not toll the statute of limitations, because there is no federal limitations period remaining to toll. *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

As explained above, petitioner's conviction became final on July 14, 1997. He thereafter had one year to initiate state post-conviction proceedings in order to toll the federal limitations period. Petitioner did not, however, initiate any state court post-conviction proceedings until January 10, 2005, over seven years later. Therefore, by the time petitioner filed his first state court application for post-conviction relief, there was no federal limitations period remaining to toll. *Id.* In his objection, Wendt explains that he was told by the state public defender's office not to file another post-conviction action, but this assertion provides no reason to reject the Report and Recommendation. Because

Wendt filed his federal habeas petition after the deadline, his petition is barred by the statute of limitations. The Court need not reach the merits of his asserted grounds for relief.

## II.     CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide this petition differently, as the Court dismisses the application on the basis that it was not timely filed. No reasonable jurist could find this issue debatable. For this reason, the Court declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 3] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 2]. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Wendt's Petition for Habeas Corpus [Docket No. 1] is **DENIED**, and the case is **DISMISSED WITH PREJUDICE**.

- 6 -

2. For purposes of appeal, the Court does not grant a certificate of appealability.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:   September 27, 2006                  s/ John R. Tunheim          _
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                          United States District Judge